```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MICHAEL EGAN,

                        Petitioner,         MEMORANDUM AND ORDER

        - against -                         20 Civ. 6165 (NRB)

SAMUEL TROWER AS EXECUTOR OF THE
ESTATE OF PETER JOSTEN,

                        Respondent.
------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Before the Court is petitioner Michael Egan's ("petitioner" or "Egan") application to confirm an arbitration award (the "Award") issued in a Financial Industry Regulatory Association ("FINRA") arbitration proceeding ("Arbitration") and for entry of an order directing expungement of petitioner's record in the Central Registration Depository[1] ("CRD") system pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. For the reasons below, petitioner's motion to confirm the Award is granted.

I. **Background**

On May 3, 2018, Samuel Trower[2] — the respondent in this case — filed a statement of claim and initiated the Arbitration against

---

[1] The Central Registration Depository is a database that FINRA maintains of all entities in the United States Securities industry.

[2] On May 3, 2018, Trower filed the Arbitration as power of attorney for Peter Josten. Josten died in the spring of 2019. Thereafter, Trower amended the statement of claim's caption to reflect his transition from power of attorney to executor of Josten's estate.

LPL Financial, LLC ("LPL") and Moors & Cabot, Inc. ("M&C"), alleging several claims — specifically, breach of fiduciary duty, breach of contract, negligent misrepresentation, respondeat superior, unsuitability, failure to supervise, negligence, misrepresentation, omission, and violation of federal and state securities laws and common law — arising out of a series of Zero-Premium Pre-Paid Forward Contracts ("PPF Contracts") entered into between 2008 and 2017.  The thrust of Trower's case was that LPL and M&C facilitated an "unsuitable and reckless" investment strategy with respect to Josten's position in various stocks, and that LPL recommended that Josten invest in "unsuitable, illiquid and risky" direct investments.  ECF No. 1-2 at 1-2.  Michael Egan, a non-party to the Arbitration and petitioner in this case, worked at M&C as a managing director.  Egan is one of the registered representatives Trower named as having been responsible for the PPF Contracts and the alleged losses suffered.  The complaint filed by Trower is reflected in Egan's CRD records.

Between July 27, 2018 and August 1, 2018, LLP and M&C filed answers to Trower's statement of claim as well as agreements submitting to FINRA arbitration.  In their respective answers, LPL and M&C denied all of Trower's allegations and asserted a number of affirmative defenses.  M&C also sought expungement of Egan's CRD records.

Prior to the hearing in the Arbitration, the parties participated in FINRA mediation and settled Trower's claims. On October 1, 2019, the parties informed FINRA about the settlement. M&C requested that the matter remain open so that petitioner could move forward with his claim for expungement of his CRD record.

On February 25, 2020, a three-arbitrator panel ("Panel") conducted a telephonic hearing on petitioner's expungement. There, Egan testified on his own behalf. Trower did not participate in the hearing and did not assert any objection to petitioner's claim for expungement. LPL participated in the hearing but did not object to Egan's claim for expungement either.

On April 3, 2020, FINRA issued the Award, finding that all requirements for expungement of Trower's claims were met and granting petitioner's request for expungement. ECF No. 1-1 at 5. The Panel explained that its findings were based on, inter alia, the fact that Egan was not responsible for determining the suitability of any investments, the calculation of fees charged by the placement institutions, or any sales practice violations. Id. The Panel also reviewed the pleadings, a broker report on petitioner, the settlement agreement, and petitioner's testimony. Responding to the allegations in the statement of claim, the Panel found that "[t]he claim, allegation, or information is factually impossible or clearly erroneous; the registered person was not involved in the alleged investment-related sales practice

violation, forgery, theft, misappropriation, or conversion of funds; and the claim, allegation, or information is false." Id. at 4.

On June 25, 2020, petitioner sought permission from FINRA to waive FINRA's requirement, set forth in Rule 2080, that FINRA be named as a party to all petitions seeking judicial confirmation of arbitration awards containing expungement relief.  FINRA granted this request on July 30, 2020.

On August 6, 2020, Egan filed the present petition, asking this Court to confirm the Panel's Award, issue an order directing the CRD to expunge his record pursuant to FINRA Rule 2080, and enter judgment on his behalf.  Respondent Trower waived service on August 19, 2020, but did not file opposition papers or appear in this case.  Petitioner filed a brief in further support of his petition on November 11, 2020.

## II. Legal Standard

"The Federal Arbitration Act provides a streamlined process for a party seeking a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." Doud v. Gold, No. 19 Civ. 6561, 2019 WL 5209615, at *2 (S.D.N.Y. Oct. 16, 2019) (citing Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008)).  The FAA governs confirmation of an award that is rendered in a FINRA arbitration. Dishner v. Zachs, No. 16 Civ. 4191, 2016 WL 7338418, at *1 (S.D.N.Y. Dec. 19, 2016).

The Court's role in confirming an arbitration award is "severely limited." Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (citing Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp., 274 F.2d 805, 808 (2d Cir. 1960)). The petitioner's burden is not "onerous," and requires only a "barely colorable justification for the arbitrator's conclusion." Neshgold LP v. New York Hotel & Motel Trades Council, AFL-CIO, No. 13 Civ. 2399, 2013 WL 5298332, at *7 (S.D.N.Y. Sept. 19, 2013) (citing New York City Dist. Council of Carpenters Pension Fund v. Angel Const. Grp., LLC, No. 08 Civ. 9061, 2009 WL 256009, at *1 (S.D.N.Y. Feb. 3, 2009)) (internal quotation marks omitted). As a result, "normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and under the Federal Arbitration Act, the court must grant the award unless the award is vacated, modified, or corrected." Doud, 2019 WL 5209615, at *2 (citing D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006)) (internal quotation marks omitted).

When a petition to confirm an arbitration award is unopposed, courts in this Circuit treat the petition like a motion for summary judgment based on the petitioner's submissions. Doud, 2019 WL 5209615, at *3. Accordingly, the Court shall grant summary judgment if the petitioner shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

### III. Discussion

The Court confirms the Award.  As an initial matter, there are no material facts in dispute.  Trower has not challenged any of the material facts upon which the petition is based.  In fact, the Award states that Trower did not even participate in the Arbitration hearing on February 25, 2020 to contest petitioner's claim for expungement of his CRD record.  Second, the Panel's findings are not disputed and the Panel provided a "colorable justification" for its Award.  Roth v. Fin. Indus. Regulatory Auth., No. 18 Civ. 10383, 2019 WL 1988554, at *2 (S.D.N.Y. May 6, 2019) (confirming award recommending the expungement of the arbitration from petitioner's CRD records where "[t]he record provides an ample basis for the award, as does the Arbitration panel's explanation").  Third, Trower has not moved to vacate, modify, or correct the Award.  Doud, 2019 WL 5209615, at *2.  Each of the parties to the Arbitration submitted to FINRA's arbitration and all parties participated in the Arbitration until they reached a settlement on Trower's claims.  Trower has not challenged the legal sufficiency of the Award.  The Court therefore affirms the Award and requests the relief granted therein.

**IV.   Conclusion**

For the foregoing reasons, Egan's petition to confirm the Award is GRANTED.  All references to the Arbitration shall be expunged from the registration records of Michael Egan maintained by the CRD.  The Clerk of Court is directed to enter judgment accordingly and to close the case.

**SO ORDERED.**

Dated:    New York, New York
          January 20, 2021

*[signature]*

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE